UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PAUL CRAGG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MERRICK GARLAND, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01124-KES-EPG (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 10 |

　　　　Plaintiff Edward Paul Cragg is a federal pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Docs. 1, 4. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 7, 2025, the assigned magistrate judge screened plaintiff's complaint and found that, as to certain defendants, plaintiff stated a cognizable claim for conditions of confinement under the Fourteenth Amendment. Doc. 6 at 12. The screening order afforded plaintiff the option to stand on his initial complaint, filed a first amended complaint, or notify the Court that he wished to proceed only as to the conditions of confinement claim. *Id.* at 13. On April 3, 2025, plaintiff filed a notice stating that he wished to proceed as to his conditions of confinement claim. Doc. 8.

　　　　On April 10, 2025, the magistrate judge issued findings and recommendations recommending that, pursuant to the screening order, this action proceed as to plaintiff's

Fourteenth Amendment conditions of confinement claim against defendants B.R. Juarez, A. Garcia, S. Soliz, Brown, and Wilson. Doc. 10. The findings and recommendations also recommended that all other claims be dismissed. *Id.* The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days of service. *Id.* at 2. Plaintiff did not file any objections, and the deadline to do so has passed.

As the screening order notes, while plaintiff is a federal pretrial detainee, the named defendants on plaintiff's cognizable conditions of confinement claim are employed by Taft Community Correctional Facility ("Taft CCF"). *See* Doc. 6 at 6 n.1. Plaintiff's complaint alleges that his claims arise under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). To the extent plaintiff alleges that defendants were acting under color of state law, plaintiff's Fourteenth Amendment conditions of confinement claim may proceed pursuant to § 1983. To the extent plaintiff alleges a conditions of confinement claim against defendants acting under color of federal law, pursuant to *Bivens,* that claim is dismissed. *See Goldey v. Fields*, 606 U.S. 942 (2025) (reaffirming that *Bivens* causes of action extend to three narrow contexts, none of which concerns conditions of confinement).

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. After carefully reviewing the file, the Court adopts the findings and recommendations in part, as set forth above.

///
///
///
///
///
///
///
///

Accordingly:

1. The findings and recommendations issued on April 10, 2025, Doc. 10, are adopted in part;
2. This case shall proceed on plaintiff's Fourteenth Amendment conditions of confinement claim under § 1983 against defendants B.R. Juarez, A. Garcia, S. Soliz, Brown, and Wilson, to the extent plaintiff alleges those defendants are acting under color of state law;
3. All other claims and defendants shall be dismissed; and
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 21, 2025

UNITED STATES DISTRICT JUDGE