UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PAUL CRAGG,<br><br>    Plaintiff,<br><br>    v.<br><br>GARLAND, *et al.*,<br><br>    Defendants. | Case No.  1:24-cv-01124-KES-EPG (PC)<br><br>ORDER DISCHARGING ORDERS TO SHOW CAUSE<br><br>(ECF Nos. 19, 20) |

Plaintiff Paul Cragg is a federal pretrial detainee proceeding *pro se* and *in forma pauperis*. Plaintiff's claims arise out of his pretrial detention at Taft Community Correctional Facility (Taft CCF). Plaintiff filed his complaint on September 20, 2024, and alleged that Taft's policy regarding indigent supply kits violated his constitutional rights. (ECF No. 1).  This case proceeds on Plaintiff's complaint on his conditions of confinement claim against Defendants B.R. Juarez, A. Garcia, S. Soliz, Brown, and Wilson. (ECF Nos. 6, 10 and 17).

On July 2, 2025, the Defendants A. Garcia, Brown, B.R. Juarez, S. Soliz, and Wilson all waived service, requiring that Defendants each respond to Plaintiff's complaint no later than September 2, 2025. (ECF No. 14).

On October 2, 2025, the Court conducted a review of the docket and noted that Defendants had failed to respond to Plaintiff's complaint by September 2, 2025, so the Court granted a *sua sponte* extension of time to file a response no later than October 9, 2025. (ECF No. 18). Defendants failed to timely respond to the complaint. On October 19, 2025, the Court issued

1

an order to show cause as to why default should not be entered for Defendants' failure to respond to Plaintiff's complaint. (ECF No. 19). Service was effectuated on Plaintiff, and the attorney of record, the United States Attorney's Office. Defendants did not reply to the Court's order to show cause.

On November 19, 2025, the Court reviewed the docket once again and noted the remaining Defendants are employed by Taft Community Correctional Facility (TCCF) located at 330 Commerce Way, Taft, CA, 93268.  As such, the United States Attorney's Office was incorrectly listed as the counsel of record for the remaining Defendants, and it is possible that Defendants did not receive the Court's previous Order to Show Cause. The Court corrected the error and again ordered Defendants to show cause as to why default should not be entered, addressing the service of the order to TCCF and ordering a response within 14 days. (ECF No. 20).

On December 2, 2025, attorney Nicole M. Cahill filed a notice of appearance as the attorney of record for the remaining Defendants. (ECF No. 21). On December 3, 2025, Ms. Cahill filed a response to the Court's November 19, 2025, order to show cause. (ECF No. 22). Ms. Cahill indicated she had been retained as counsel for Defendants on December 2, 2025. (*Id.,* p.1) She filed a declaration under the penalty of perjury stating that a possible confusion arose due to the frequent interactions of TCCF with the U.S. Marshal service. (*Id.*). Ms. Cahill declared that Defendant Brown was the main point of contact for the action and signed and emailed the signed waivers for Defendants back to the U.S. Marshals. (*Id.*, p. 2). Defendants erroneously believed that further correspondence would come from the U.S. Marshals and as a result the Defendants never received the Court's order to show cause from October 14, 2025, but received the Court's order from November 19, 2025. Ms. Cahill stated that a responsive pleading would be filed no later than December 5, 2025. (*Id.*).

On December 5, 2025, Defendants filed an answer to Plaintiff's complaint. (*See* ECF No.23).

\\\
\\\
\\\

Accordingly, IT IS HEREBY ORDERED, that the Court's orders to show cause from October 14, 2025, (ECF No. 19) and November 19, 2025, (ECF No. 20) are discharged.

IT IS SO ORDERED.

Dated:  **December 8, 2025**                   /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

3