UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PAUL CRAGG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARLAND, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01124-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF No. 26)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

　　　　Plaintiff Paul Cragg is a federal pretrial detainee proceeding *pro se* and *in forma pauperis*. Plaintiff's claims arise out of his pretrial detention at Taft Community Correctional Facility (Taft CCF). Plaintiff filed his complaint on September 20, 2024, and alleged that Taft's policy regarding indigent supply kits violated his constitutional rights. (ECF No. 1). This case proceeds on Plaintiff's complaint on his conditions of confinement claim against Defendants B.R. Juarez, A. Garcia, S. Soliz, Brown, and Wilson. (ECF Nos. 6, 10 and 17).

　　　　On December 15, 2025, Plaintiff filed a motion for default judgment regarding the Court's discharge of its Order to Show Cause Why Default Should Not be Entered for Defendants' failure to Respond to Plaintiff's Complaint. (ECF Nos. 26, 19, and 20).

　　　　For the reasons set forth below, the Court recommends denying Plaintiff's motion for a default judgment.

\\\

**I.   BACKGROUND**

On July 2, 2025, Defendants A. Garcia, Brown, B.R. Juarez, S. Soliz, and Wilson all waived service, requiring that Defendants each respond to Plaintiff's complaint no later than September 2, 2025. (ECF No. 14).

On September 22, 2025, the district judge dismissed Plaintiff's *Bivens* claims and ordered the case proceed on the claims brought forth under 42 U.S.C. § 1983 against the remaining defendants. (ECF No. 17).

On October 2, 2025, the Court conducted a review of the docket and noted that Defendants had failed to respond to Plaintiff's complaint by September 2, 2025, so the Court granted a *sua sponte* extension of time to file a response no later than October 9, 2025. (ECF No. 18).

After Defendants again failed to respond to the complaint, on October 19, 2025, the Court issued an order to show cause as to why default should not be entered. (ECF No. 19). Service was effectuated on Plaintiff, and the attorney of record for Defendants, the United States Attorney's Office. Defendants did not reply to the Court's order to show cause.

However, on November 19, 2025, the Court reviewed the docket once again and noted the remaining Defendants were employed by Taft Community Correctional Facility (TCCF) located at 330 Commerce Way, Taft, CA, 93268.  As such, the United States Attorney's Office was incorrectly listed as the counsel of record for the remaining Defendants, and it was possible that Defendants did not receive the Court's previous Order to Show Cause. The Court corrected the error and re-issued its previous order to show cause with a response due in 14 days, addressing the service of the order to TCCF. (ECF No. 20).

On December 2, 2025, attorney Nicole M. Cahill filed a notice of appearance as the attorney of record for the Defendants. (ECF No. 21). On December 3, 2025, Ms. Cahill filed a response to the Court's November 19, 2025, order to show cause. (ECF No. 22). Ms. Cahill indicated she had been retained as counsel for Defendants on December 2, 2025. (*Id.,* p.1) She filed a declaration under the penalty of perjury stating that a possible confusion arose due to the frequent interactions of TCCF with the U.S. Marshal service. (*Id.*). Ms. Cahill declared that Defendant Brown was the main point of contact for the action and signed and emailed the signed

waivers for Defendants back to the U.S. Marshals. (*Id.*, p. 2). Defendants erroneously believed that further correspondence would come from the U.S. Marshals and as a result Defendants never received the Court's order to show cause from October 14, 2025, but received the Court's order from November 19, 2025. Ms. Cahill stated that a responsive pleading would be filed no later than December 5, 2025. (*Id.*).

On December 5, 2025, Defendants filed an answer to Plaintiff's complaint. (*See* ECF No.23).

On December 15, 2025, Plaintiff filed a motion for default judgment. (ECF No. 26). Plaintiff argues that the Court should disregard the previous order discharging the orders to show cause (ECF No. 24). Plaintiff argues that because "Defendants acknowledged that they were provided prior notice to answer the complaint within the requisite 60 days, as well as the consequences for failing to do so. And yet, each Defendant failed to timely answer the complaint…," that default judgment should still be entered against Defendants in favor of Plaintiff. (ECF No. 26, p.2).

## II.     ANALYSIS

The Court recommends that Plaintiff's motion for default judgment.

As explained by Defendants' counsel, Ms. Cahill, there was confusion amongst defendants regarding who would represent defendants and prepare their response to the complaint. Defendants signed waivers of service provided by the US Marshal Service and Defendants sent these waivers back to the US Marshal Service. However, the US Marshal Service was only provided these waivers of service because some of the original Defendants were Federal employees and Plaintiff's complaint alleged a claim under *Bivens.* Following the Court's screening order (ECF No. 6), and Plaintiff's subsequent decision to proceed only on the claim that the Court found should proceed past screening (ECF No. 8), the Federal defendants were terminated and only state correctional officer defendants remained. However, the service of process was not updated with the Court's docket, so there was an error regarding the representation for remaining Defendants.

Moreover, Plaintiff was not prejudiced by the delay in Defendants' answer to the complaint.

Accordingly, the Court recommends denying Plaintiff's motion for a default judgment (ECF No. 26).

### III. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment be DENIED. (ECF No. 26).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 23, 2025**              /s/ *Erica P. Grosjean*
                                            UNITED STATES MAGISTRATE JUDGE

4